9/16/2025 2:08 PM

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF KLAMATH

| | |
|---|---|
| AMBER SHANNON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK SERVICES, INC., a Delaware corporation; and CRATER LAKE HOSPITALITY, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 25CV50879<br><br>**COMPLAINT**<br>**(Negligence)**<br><br>**Amount Prayed for: $2,221,554.00**<br><br>Filing Fee: 884.00 (ORS 21.160(1)(d)<br><br>CLAIM <u>NOT SUBJECT</u> TO MANDATORY ARBITRATION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

1.

Plaintiff Amber Shannon ("plaintiff") brings this action against defendant Aramark Services, Inc. ("defendant Aramark") and Crater Lake Hospitality, LLC ("defendant CLH") (collectively, "defendants") for personal injuries caused by defendants' negligence in Klamath County, Oregon.

2.

At all relevant times, defendant CLH was a Delaware limited liability company duly authorized to conduct business for profit in the State of Oregon and was doing business as the

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

1    concessioner at Crater Lake National Park in Klamath County, Oregon. As the concessioner,
2    defendant CLH was responsible for visitor services at Crater Lake National Park, including
3    operating food service and retail at the Steel Visitor Center (the "Premises").

4                                                    3.

5            At all relevant times, defendant Aramark was a Delaware corporation duly authorized to
6    conduct business for profit in the State of Oregon and the parent company of defendant CLH.

7                                                    4.

8            At all relevant times, defendant CLH was a subsidiary of defendant Aramark and under the
9    direct control and supervision of defendant Aramark.

10                                                   5.

11           At all times material, defendant CLH controlled its agents or employees in all aspects of
12   its operation and service, and defendant CLH's agents or employees were acting within the course
13   and scope of their agency or employment. As such, defendant CLH was vicariously liable,
14   including under the doctrine of respondeat superior, for the acts and omissions of its agents or
15   employees.

16                                                   6.

17           At all times material, defendant CLH operated within the course and scope of its subsidiary
18   and/or agency relationship with defendant Aramark. As such, defendant Aramark is liable under
19   the doctrine of respondeat superior for the acts and omissions of defendant CLH.

20                                                   7.

21           Upon information and belief, at all times material, defendants operated and maintained the
22   Premises, including walkways and sidewalks on and adjacent to Premises, pursuant to a land
23   assignment contract with the National Park Service.

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

8.

At all times material, defendants were charged with various duties and responsibilities, including the inspection and maintenance of the walkways on and around the Premises.

9.

At all times material, defendants had a duty to make the Premises reasonably safe for visitors to the Premises.

10.

At all times material, defendants had a duty to exercise reasonable care to inspect the walkways in and around the Premises, to maintain the walkways in a reasonably safe condition and to protect visitors to the Premises from an unreasonable risk of harm to known or foreseeable dangers in the condition of the Premises, including those that involved the walkways.

11.

At all times material, defendants had a duty to exercise reasonable care to discover any condition that created an unreasonable risk of harm to visitors to the Premises, and either eliminate the condition or warn of the danger so visitors could avoid the harm.

12.

At all times material, defendants had a duty to refrain from activities that created a hazardous or dangerous condition for visitors to the Premises.

13.

At all times material, the Premises was open to visitors from the general public, and plaintiff was a visitor using the Premises with defendant's express or implied invitation to do so.

/ / /

/ / /

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

14.

On or about November 21, 2023, plaintiff was on the Premises for defendant's business purposes. As she was leaving the Premises, she slipped on packed snow or ice on a walkway near the front door of the Premises. The walkway outside the front door of the Premises was not cleared of ice and no de-icing or traction control measures had been taken, such as spreading salt or gravel or laying down an outdoor mat. Despite the lack of maintenance and traction control measures, no warning signs regarding the presence of ice or the slippery condition of the walkway were present.

15.

At all times material, the area where plaintiff's fall occurred was located on a paved walkway, an intended pathway for travel for visitors to the Premises.

16.

At all times material, defendants knew or should have known that the area where plaintiff's fall occurred was covered in ice and/or snow.

17.

At all times material, defendants knew or should have known that failing to regularly inspect and maintain the walkways on and around the Premises could create an unsafe situation or condition for visitors, including plaintiff.

18.

Defendants breached their duty and were negligent in one or more of the following particulars:

    a.  In failing to reasonably maintain the walkways on or around the Premises, specifically allowing the walkways to accumulate ice and/or snow;

Page | 4 – **COMPLAINT**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

b. In failing to clear the ice and/or snow that had accumulated, spread a de-icer or gravel, place an outdoor mat, or implement other traction control measures on walkways on or around the Premises;

c. In failing to reasonably inspect the walkways for packed snow and ice conditions that could create an unsafe situation for visitors;

d. In failing to use reasonable care to discover the unsafe condition created by the ice and/or snow on the walkway near the front door of the Premises;

e. In failing to put up signs, barricades or other devices to warn plaintiff of the risk of harm caused by defendants' failure to clear the ice and/or apply de-icing or traction control measures;

f. In failing to exercise reasonable care to protect plaintiff from encountering the dangerous condition near the front door of the Premises;

g. In failing to properly train or educate its employees or agents with respect to maintaining the walkways on or around the Premises, specifically clearing the walkways of ice and/or snow;

h. In failing to exercise reasonable care in supervising their employees' or agents' conduct;

i. In failing to prevent the foreseeable misconduct of their employees or agents from causing harm to visitors, including plaintiff as alleged herein; and

j. In otherwise failing to use reasonable care to keep the Premises in a reasonably safe condition and to prevent the accumulation of snow and ice on the walkway near the front door of the Premises.

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

19.

Defendants' foregoing acts or omissions created an unreasonable risk of harm to plaintiff and other visitors to the Premises.

20.

At all times material, defendants, by and through their employees, knew, or in the exercise of reasonable care should have known, that the foregoing acts or omissions created an unreasonable risk of harm to its visitors, including plaintiff.

21.

At all times material, defendants, by and through their employees, knew, or in the exercise of reasonable care should have known, that the foregoing acts or omissions created an unreasonably dangerous condition that could not be encountered with reasonable safety by their visitors, including plaintiff, even if the danger was known and appreciated by such visitors.

22.

It was foreseeable that failing to reasonably maintain the walkways on or around the Premises could create an unsafe situation or condition for visitors, including plaintiff.

23.

It was foreseeable that failing to reasonably inspect the walkways on or around the Premises could create an unsafe situation or condition for visitors, including plaintiff.

24.

Plaintiff had no opportunity to avoid the harm, as she did not know of the risk of harm nor in the exercise of reasonable care should she have known that defendants' acts or omissions with respect to the walkways on or around the Premises created a dangerous condition.

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

25.

Slipping and falling on the ice that had accumulated on the walkway on or around the Premises has caused plaintiff to suffer permanent physical injury and impairment, disfigurement, emotional distress and loss of enjoyment of life.

26.

Defendants' negligence was a substantial factor in causing plaintiff's injuries.

27.

As a result of defendants' negligence, plaintiff has suffered the following injuries:

a.   Three-part right distal radius (wrist) fracture (severely comminuted);

b.   Tear of right rotator cuff;

c.   Tear of right shoulder superior labral anterior-posterior (SLAP)

d.   Damage or detachment of right biceps tendon;

e.   Biceps tendinopathy;

f.   Adhesive capsulitis;

g.   Tear of anterior cruciate ligament (ACL);

h.   Partial tears of medial and lateral collateral ligaments (MCL and LCL);

i.   Medial and lateral tears in meniscus;

j.   Pain in right shoulder;

k.   Pain in right arm and hand;

l.   Pain in right wrist;

m.  Pain in right knee;

n.   Bilateral ankle pain and weakness;

o.   Numbness and tingling in right fingers;

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

p.  Reduced range of motion in right shoulder;

q.  Reduced range of motion in right fingers;

r.  Anxiety disorder;

s.  Panic attacks; and

t.  Emotional distress.

28.

As a result of defendants' negligence, plaintiff has incurred medical and related expenses in the approximate amount of $121,614.32. Further, plaintiff will have future medical and related expenses estimated in the amount of $39,162.00. Plaintiff suffered approximately $22,000.00 in lost wages. Plaintiff's out-of-pocket expenses directly related to her post-surgical recovery and adaptive living needs are estimated in the amount of $24,600.00, comprising $16,800.00 for home health care, $2,500.00 for assistive devices and furniture, $2,500.00 for adaptive clothing and footwear and $2,800.00 for pet care. In addition, from the date of the accident through June 17, 2025, plaintiff was unable to contribute valuable household services for which she is entitled to compensation in the estimated amount of $14,177.68. As these expenses are ongoing, plaintiff reserves the right to amend her economic damages to conform to the evidence before trial.

29.

As a further result of defendants' negligence, plaintiff has and will continue to suffer physical and emotional pain. Her right to enjoy life has been diminished because of her inability to engage in her normal activities without pain, discomfort and mobility. Plaintiff is entitled to an award of noneconomic damages in the amount of $2,000,000.00. Plaintiff reserves the right to amend these noneconomic damages to conform to the evidence before trial.

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7372
info@precisionlit.com

1                                     30.

2        Plaintiff is further entitled to recover post-judgment interest on all of her damages at the

3    legal rate of 9% per annum.

4

5        **WHEREFORE**, plaintiff requests judgment against defendants as follows:

6        First Claim for Relief

7        a)   Economic damages in the amount of $221,554.00;

8        b)   Noneconomic damages in the amount of $2,000,000.00;

9        c)   Plaintiff's costs and disbursement incurred herein;

10       d)   Post-judgment interest at a rate of 9% per annum; and

11       e)   Such other relief that the Court deems just and equitable.

        DATED: September 16, 2025.          **Precision Litigation Northwest**

                                            By: */s/ A. Kathryn Wymore*_____
                                                Emmanuel B. Miller, OSB #151319
                                                emmanuel@precisionlit.com
                                                A. Kathryn Wymore, OSB #132802
                                                Kathryn@precisionlit.com
                                                Of Attorneys for Plaintiff

12

Page | 9 – **COMPLAINT**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

9/16/2025 4:20 PM
25CV50879

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF KLAMATH

| | |
|---|---|
| AMBER SHANNON, an individual, | CASE NO. 25CV50879 |
| Plaintiff, | **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT ARAMARK SERVICES, INC.** |
| v. | |
| ARAMARK SERVICES, INC., a Delaware corporation; and CRATER LAKE HOSPITALITY, LLC, a Delaware limited liability company, | |
| Defendant. | |

**TO: Defendant Aramark Services, Inc.**

Pursuant to ORCP 45, plaintiff Amber Shannon ("plaintiff") requests that Aramark Services, Inc. ("defendant") answer the following requests for admission within forty-five (45) days after service hereof. FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.

**DEFINITIONS AND INSTRUCTIONS**

1.  The words "and" and "or" shall be individually interpreted as meaning "and/or" and shall not be interpreted to exclude any information within the scope of any request.

2.  "Premises" means the premises defined in the complaint filed in this case (and below).

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

3.  "Walkway" means a paved pathway intended for pedestrian travel on the Premises.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that defendant was served with a copy of the summons and complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**  Admit that on November 21, 2023, defendant was the concessioner responsible for operating and maintaining the Steel Visitor Center at Crater Lake National Park ("Premises") pursuant to a contract with the National Park Service.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**  Admit that on November 21, 2023, defendant was the entity responsible for the maintenance of the walkways and sidewalks on and adjacent to the Premises, including snow removal on such walkways and sidewalks, pursuant to a contract with the National Park Service.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**  Admit that on November 21, 2023, no federal department or agency, including the U.S. Department of the Interior and the National Park Service, was responsible for the maintenance of the walkways and sidewalks on and adjacent to the Premises, including snow removal on such walkways and sidewalks.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**  Admit that on November 21, 2023, plaintiff was a visitor on the Premises for defendant's business purposes as alleged in paragraph 14 of plaintiff's complaint.

**RESPONSE:**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

1    **REQUEST FOR ADMISSION NO. 6:**  Admit that on November 21, 2023, plaintiff

2  sustained injuries when she slipped and fell while walking near the front door of the Premises.

3    **RESPONSE:**

4    **REQUEST FOR ADMISSION NO. 7:**  Admit that on November 21, 2023, defendant

5  or its agents knew or should have known that the walkway near the front door of the Premises

6  had snow and/or ice accumulation.

7    **RESPONSE:**

8    **REQUEST FOR ADMISSION NO. 8:** Admit that prior to plaintiff's fall on November

9  21, 2023, defendant or its agents had not spread a de-icer, salt, gravel, or another traction control

10  device near the front door of the Premises to protect visitors from encountering dangerous

11  conditions caused by snow and/or ice accumulation.

12    **RESPONSE:**

13    **REQUEST FOR ADMISSION NO. 9:**  Admit that defendant had a duty to adequately

14  maintain the Premises, including walkways on or around the Premises, so as to make the Premises

15  reasonably safe for visitors.

16    **RESPONSE:**

17    **REQUEST FOR ADMISSION NO. 10:**  Admit that defendant had a duty to exercise

18  reasonable care to discover any condition on or around the Premises that created an unreasonable

19  risk of harm to visitors to the Premises, and either eliminate the unsafe condition or warn of the

20  risk so visitors could avoid the harm.

21    **RESPONSE:**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

1    **REQUEST FOR ADMISSION NO. 11:**  Admit that icy, snowy, and/or slippery surfaces

2 on walkways on or around the Premises could present a dangerous condition to visitors to the

3 Premises.

4    **RESPONSE:**

5    **REQUEST FOR ADMISSION NO. 12:**  Admit that defendant knew or should have

6 known that failing to regularly inspect and maintain the walkways on or around the Premises

7 could create a dangerous situation or condition for visitors to the Premises.

8    **RESPONSE:**

9    **REQUEST FOR ADMISSION NO. 13:**  Admit that defendant was negligent in one or

10 more of the ways alleged in paragraph 18 of plaintiff's complaint.

11    **RESPONSE:**

12    **REQUEST FOR ADMISSION NO. 14:**  Admit that plaintiff sustained economic

13 damages as a result of the injuries she sustained in the incident on November 21, 2023.

14    **RESPONSE:**

15    **REQUEST FOR ADMISSION NO. 15:**  Admit that plaintiff sustained non-economic

16 damages as a result of the injuries she sustained in the incident on November 21, 2023.

17    **RESPONSE:**.

DATED: September 16, 2025.        **Precision Litigation Northwest**


By:  _/s/ A. Kathryn Wymore_
     Emmanuel B. Miller, OSB #151319
     emmanuel@precisionlit.com
     A. Kathryn Wymore, OSB #132802
     Kathryn@precisionlit.com
     Of Attorneys for Plaintiff

18

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7732
info@precisionlit.com

9/16/2025 4:20 PM
25CV50879

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF KLAMATH

| | |
|---|---|
| AMBER SHANNON, an individual,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ARAMARK SERVICES, INC., a Delaware corporation; and CRATER LAKE HOSPITALITY, LLC, a Delaware limited liability company,<br><br>　　　Defendant. | CASE NO. 25CV50879<br><br>**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT CRATER LAKE HOSPITALITY, LLC** |

**TO: Defendant Crater Lake Hospitality, LLC**

Pursuant to ORCP 45, plaintiff Amber Shannon ("plaintiff") requests that Crater Lake Hospitality, LLC ("defendant") answer the following requests for admission within forty-five (45) days after service hereof. FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.

## DEFINITIONS AND INSTRUCTIONS

1. The words "and" and "or" shall be individually interpreted as meaning "and/or" and shall not be interpreted to exclude any information within the scope of any request.

2. "Premises" means the premises defined in the complaint filed in this case (and below).

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR 97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

3.  "Walkway" means a paved pathway intended for pedestrian travel on the Premises.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that defendant was served with a copy of the summons and complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**  Admit that on November 21, 2023, defendant was the concessioner responsible for operating and maintaining the Steel Visitor Center at Crater Lake National Park ("Premises") pursuant to a contract with the National Park Service.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**  Admit that on November 21, 2023, defendant was the entity responsible for the maintenance of the walkways and sidewalks on and adjacent to the Premises, including snow removal on such walkways and sidewalks, pursuant to a contract with the National Park Service.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**  Admit that on November 21, 2023, no federal department or agency, including the U.S. Department of the Interior and the National Park Service, was responsible for the maintenance of the walkways and sidewalks on and adjacent to the Premises, including snow removal on such walkways and sidewalks.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**  Admit that on November 21, 2023, plaintiff was a visitor on the Premises for defendant's business purposes as alleged in paragraph 14 of plaintiff's complaint.

**RESPONSE:**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

1    **REQUEST FOR ADMISSION NO. 6:**  Admit that on November 21, 2023, plaintiff

2    sustained injuries when she slipped and fell while walking near the front door of the Premises.

3    **RESPONSE:**

4    **REQUEST FOR ADMISSION NO. 7:**  Admit that on November 21, 2023, defendant

5    or its agents knew or should have known that the walkway near the front door of the Premises

6    had snow and/or ice accumulation.

7    **RESPONSE:**

8    **REQUEST FOR ADMISSION NO. 8:** Admit that prior to plaintiff's fall on November

9    21, 2023, defendant or its agents had not spread a de-icer, salt, gravel, or another traction control

10   device near the front door of the Premises to protect visitors from encountering dangerous

11   conditions caused by snow and/or ice accumulation.

12   **RESPONSE:**

13   **REQUEST FOR ADMISSION NO. 9:**  Admit that defendant had a duty to adequately

14   maintain the Premises, including walkways on or around the Premises, so as to make the Premises

15   reasonably safe for visitors.

16   **RESPONSE:**

17   **REQUEST FOR ADMISSION NO. 10:**  Admit that defendant had a duty to exercise

18   reasonable care to discover any condition on or around the Premises that created an unreasonable

19   risk of harm to visitors to the Premises, and either eliminate the unsafe condition or warn of the

20   risk so visitors could avoid the harm.

21   **RESPONSE:**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com

1  **REQUEST FOR ADMISSION NO. 11:**  Admit that icy, snowy, and/or slippery surfaces
2  on walkways on or around the Premises could present a dangerous condition to visitors to the
3  Premises.
4  **RESPONSE:**
5  **REQUEST FOR ADMISSION NO. 12:**  Admit that defendant knew or should have
6  known that failing to regularly inspect and maintain the walkways on or around the Premises
7  could create a dangerous situation or condition for visitors to the Premises.
8  **RESPONSE:**
9  **REQUEST FOR ADMISSION NO. 13:**  Admit that defendant was negligent in one or
10  more of the ways alleged in paragraph 18 of plaintiff's complaint.
11  **RESPONSE:**
12  **REQUEST FOR ADMISSION NO. 14:**  Admit that plaintiff sustained economic
13  damages as a result of the injuries she sustained in the incident on November 21, 2023.
14  **RESPONSE:**
15  **REQUEST FOR ADMISSION NO. 15:**  Admit that plaintiff sustained non-economic
16  damages as a result of the injuries she sustained in the incident on November 21, 2023.
17  **RESPONSE:**.

DATED: September 16, 2025.      **Precision Litigation Northwest**

By: */s/ A. Kathryn Wymore*
Emmanuel B. Miller, OSB #151319
emmanuel@precisionlit.com
A. Kathryn Wymore, OSB #132802
Kathryn@precisionlit.com
Of Attorneys for Plaintiff

18

Page | 4 – **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

PRECISION LITIGATION NW
745 NW Mt. Washington Drive, Suite 300
Bend, OR  97703
Telephone (541) 948-8830 Facsimile (458) 206-7332
info@precisionlit.com